IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGINA VICKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:14-CV-126-WKW |
| HYUNDAI MOTOR MANUFACTURING OF ALABAMA, LLC, | ) ) ) ) | (WO) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On February 26, 2014, Plaintiff Regina Vickers filed a single-count complaint against Defendant Hyundai Motor Manufacturing of Alabama, LLC. (Doc. # 1.) Vickers alleged that, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a), Hyundai banned her from working at its automotive manufacturing plant in retaliation for filing a workplace complaint alleging that she had been subjected to sexual harassment. (Doc. # 1.) On June 15, 2015, the Magistrate Judge filed a Recommendation (Doc. # 35) that summary judgment be granted in favor of Hyundai. On June 26, 2015, Vickers filed objections. (Doc. # 36.) On June 26, 2015, Defendant Hyundai Motor Manufacturing of Alabama, LLC, filed objections. (Doc. # 37.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

In March 2012, Vickers was employed by Aerotek, Inc., a temporary staffing agency that assigned Vickers to work on an assembly line at Hyundai's automotive

manufacturing plant in Montgomery, Alabama.[1]  On May 1, 2012, Vickers submitted a written complaint alleging that she had been sexually harassed by her supervisor,[2] Mike Miller.  Hyundai investigated the complaint and determined that the complaint was unfounded.  (Doc. # 15-2 at 5 ¶ 15.)  Further, Hyundai concluded that Vickers had made two statements that Hyundai determined violated Hyundai's anti-harassment policy.  First, Hyundai determined that, when a coworker was working on the line and asked Miller to assist "with the head and put it in the back," Vickers replied by saying, "Oh[,] don't tell Mike to put it in the back."[3]  (Doc. # 15-2 at 5, 9.)  Second, Hyundai determined that, during a dispute over a faulted machine, Vickers told Miller that he would have treated her differently if she "had gave [him] some p---y."[4]  (Doc. # 15-2 at 5, 9) (sic).

On May 21, 2012, Hyundai wrote to Aerotek and stated that, in its investigation of Vickers's sexual harassment complaint, Hyundai "determined that [Vickers] participated in the inappropriate conduct and therefore will not be allowed back on [Hyundai's]

---

[1] For purposes of the summary judgment motion, the Magistrate Judge assumed, without deciding, that Hyundai was Vickers's employer for purposes of her Title VII retaliation claim. (Doc. # 35 at 6.)

[2] For purposes of the Recommendation on the motion for summary judgment, the Magistrate Judge construed the disputed facts in favor of Vickers and assumed that Miller was Vickers's supervisor.  (Doc. # 35 at 6 n.1.)  To the extent that Hyundai objects, the objection is overruled.

[3] Vickers does not recall and does not dispute that she made the statement about "put[ting] it in the back." (Doc. # 15-1 at 37.)

[4] Vickers does not dispute that she made the statement about giving Miller some "p---y," although she contends that her statement was an accusation that Miller was harassing her.  (Doc. # 15-1 at 11, 35.)

premises." (Doc. # 15-2 at 12.)

The Magistrate Judge recommends that summary judgment be granted in favor of Hyundai on grounds that Vickers failed to raise a genuine dispute that Hyundai's legitimate proferred legitimate reasons for banning her from working at its plant were pretextual, and, alternatively, because Hyundai had produced unrebutted evidence that, even in the absence of the alleged retaliatory animus, it would have banned Vickers from the premises because she used language that violated the anti-harassment policy. (Doc. # 35 at 19-20.) *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013) (holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer"); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1268-69 (11th Cir. 2001) (holding that a mixed-motive defense is available in retaliation cases, and, thus, an employer who is influenced in part by retaliatory motive may avoid liability if it would have made the same decision without an illegal motive).

Vickers objects to the Magistrate Judge's conclusion that she did not offer evidence to rebut Hyundai's proffer that it banned her from working at the plant for violating Hyundai's anti-harassment policy. (Doc. # 36 at 1.) Vickers argues that the Magistrate Judge's finding was erroneous because she offered evidence that (1) Hyundai's policy allegedly does not prohibit the statements that Vickers made and (2) Kelly Rucker, who was head of Hyundai's human resources department at the time of the investigation into Vickers's harassment complaint, allegedly testified that Vickers's

statements were not the reason for the termination.

Hyundai has a harassment policy that strictly prohibits "[a]ctions, words, jokes, or comments based on an individual's sex." (Doc. # 15-2 at 3; Doc. # 17-9.) Hyundai submitted evidence that its anti-harassment policy states more specifically that "no Team Member – male or female – should be subject to unsolicited and unwelcome sexual . . . conduct, whether verbal, physical, explicit, or implied. This includes verbal innuendoes, suggestive comments, [and] off-color jokes."[5] (Doc. 20-1; 24-1.) In her objections, as with her original summary judgment submission, Vickers offered nothing other than her own subjective conclusion that her comments about "p---y" and "putting it in the back" did not violate Hyundai's anti-harassment policy against words or comments based on an individual's sex, suggestive comments, innuendoes, and off-color jokes. (Doc. # 36; *see* Doc. # 35 at 18.)

Further, the court has read the deposition of Kelly Rucker (Doc. # 15-5) and has reviewed the evidence, including the Team Relations Memo dated May 10, 2012 (Doc. # 15-2 at 8-10) that was referenced in Ruckers's deposition (Doc. # 15-5 at 2, 12, 14). Taken in context, the portion of Ruckers's deposition that Vickers quotes in her objections (Doc. # 36 at 3) does not support her assertion that a genuine dispute of material fact exists as to whether Hyundai banned her from working at its plant because she made statements that violated the anti-harassment policy. For the reasons stated in

---

[5] Hyundai submitted a copy of its anti-harassment policy (Doc. # 21-1; Doc. # 24-1), but did not submit an affidavit authenticating that submission. However, Vickers has not argued that the material cannot be presented in admissible form, and she does not contest the authenticity of the document. *See* Fed. R. Civ. P. 56. In any event, the Magistrate Judge (Doc. # 35 at 7) did not rely on Hyundai's submission of its copy of the anti-harassment policy, and Hyundai's submission does not change the outcome of this case.

Hyundai's objections to the Recommendation (Doc. # 37 at 2-6), the Magistrate Judge correctly determined that Hyundai had produced unrebutted evidence that, even in the absence of the alleged retaliatory animus, it would have banned Vickers from the premises because she used language that violated the anti-harassment policy.

The court notes that, in her summary judgment brief, Vickers argued that Hyundai's failure to discipline Miller for making statements in violation of the anti-harassment policy[6] constitutes evidence that Hyundai did not ban Vickers from working at the plant because *she* made statements that violated the policy. (Doc. # 17 at 12-13.) However, Vickers did not raise this argument in her objection to the Recommendation.

Accordingly, and for the reasons stated in the Recommendation of the Magistrate Judge (Doc. # 35), it is ORDERED as follows:

1. Vickers's objection (Doc. # 36) is OVERRULED.

2. Hyundai's objection (Doc. # 37) is DENIED as moot.

3. The Recommendation (Doc. # 35) is ADOPTED.

4. Hyundai's motion for summary judgment (Doc. # 13) is GRANTED.

5. Vickers's retaliation claim is DISMISSED with prejudice.

A separate judgment will be entered.

DONE this 30th day of September, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Hyundai argues that it was entitled to summary judgment on grounds that it determined in good faith that Miller did not violate the policy and, therefore, banned Vickers from working at the plant because it determined that she had made an unfounded complaint in bad faith. (Doc. # 37 at 6-7). The Magistrate Judge did not reach this issue.